UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTELA CANO, et al.,

        Plaintiffs,

    v.

MELINDA TERUEL, et al.,

        Defendants.

Case No. 18-cv-05110-JCS

**ORDER DENYING WITHOUT PREJUDICE AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 60

Defendant Melinda Teruel moves, in an administrative motion that itself contains confidential information, to file under seal a petition for approval of settlement of a minor's claims. As a general rule, a party must show "compelling reasons" to file documents under seal in order to overcome the "'strong presumption in favor of [public] access,'" and "the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)) (second alteration in original).

Although the Court finds compelling reasons to seal the names of minors, *see* Fed. R. Civ. P. 5.2(a), and confidential terms of a proposed settlement, the Court's local rules require that requests to file under seal "must be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(b). Teruel's present administrative motion seeks to seal not only the settlement agreement and the portions of the petition that reference its terms or the names of minors, but also the remainder of the petition in its entirety, the administrative motion itself, the declaration of counsel accompanying it as required by Civil Local Rule 79-5(d)(1)(A), and the proposed order granting the motion to seal. Such a request does not comply with the requirement that sealing must be narrowly tailored.

The motion to file under seal is therefore DENIED WITHOUT PREJUDICE. All filings submitted under seal will remain sealed, but will not be considered by the Court. Teruel may file a renewed administrative motion seeking to seal the settlement agreement in its entirety and to seal narrowly tailored portions of the petition and any supporting documents as necessary to protect the confidentiality of settlement terms, the names of minors, or any other information for which compelling reasons require sealing. The Court expects that a redacted public version of the petition to approve settlement can be filed in the public record disclosing, for example, the history of the case and the legal arguments on which the parties rely for why the settlement should be approved. The Court also expects that the renewed administrative motion can be framed in such a way that the administrative motion itself, the declaration of counsel, and the proposed order need not themselves be filed under seal.[1]

**IT IS SO ORDERED.**

Dated: May 13, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] _See_ Civ. L.R. 79-5(c) ("Only the unredacted version of a document sought to be sealed, may be filed under seal before a sealing order is obtained, as permitted by Civil L.R. 79-5(d)(1)(D)."); Civ. L.R. 79-5(d)(1) (listing the documents to be filed with an administrative motion to file under seal, of which the "unredacted version of the document sought to be filed under seal" is only one of three or four supporting documents that must be filed)